UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MATTHEW JONES,<br>    Plaintiff, | Case No. 1:23-cv-794 |
| vs. | McFarland, J.<br>Litkovitz, M.J. |
| OHIO STATE HIGHWAY<br>PATROL, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Greenwood, Delaware, has filed a civil complaint without the assistance of counsel against the Ohio State Highway Patrol, the CVG Airport Police Department, the Cincinnati Police Department, and the "Cincinnati Highway Patrol Post 31." (Doc. 1-1 at PAGEID 7-8). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Because plaintiff is proceeding *in forma pauperis*, the Court is required to conduct an initial screening of his complaint. 28 U.S.C. § 1915(e)(2). This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**Screening of Complaint**

A. **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

B.   **Plaintiff's Complaint**

Plaintiff's complaint is disjointed, rambling, and difficult to decipher. As such, the Court quotes plaintiff's factual allegations verbatim. The complaint alleges:

> I served as your Constituent, U.S. Constituent, from June of 1998 until I was shot in June of 2001. My assassin still lives with me in identity, against my will. The gang that shot me still works as law enforcement as the police of the United States. Much like in the times of President JFK. In the times that I was Constituent, I was anally and orally raped and tormented visiting the U.S. District Court in Wilmington by State Police, Wilmington police. Court security, and other staff members, visitors to the Court, and Deputy Attorney Generals, including on the days that my bust was painted and my painting was hung on the wall in the hallway of the U.S. District Court - where it may still be hanging with Delaware's other leaders, all time. I was anally and orally raped and tormented visiting the Wicomico County District Courts in Salisbuty, Maryland, by security guards, local and state police and other staff personnel. On a flight that landed at the Cinncinnatti Northen Kentucky airport, when I was travelling with State Senator Thurman Adams and State Representative Benjamin Ewing, I was anally and orally

3

> raped at the airport by other citizens and the State Police of Ohio, and the local police of Cinncinnatti. I suffered major losses of blood in all of the rapes. Deaths ensued: internal bleeding, broken ribs, and broken joints and eye sockets. To resurrect me from the dead each time, a 250 year old tree needed to be converted into medicine as well as the plants that only grow around them. The rapes left me in a mental delirium that continued for twenty years. I suffered from major obesity, heart diseases, and diabetes risks as results. There were also major STD risks.

(Doc. 1-1 at PAGEID 8-9). Plaintiff alleges these actions have violated his constitutional rights and federal criminal law. As relief, plaintiff seeks $125,000 in damages.

### C. Resolution

At the outset, plaintiff's complaint should be dismissed because the allegations are frivolous. A complaint is frivolous "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-3 (1992) (citations and quotations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*. at 33. Plaintiff's allegations, including being resurrected from the dead on multiple occasions, warrants dismissal of his complaint under *Denton*.

Plaintiff's allegations are also insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction. To the extent plaintiff alleges the defendants violated a number of criminal laws, plaintiff has no standing to pursue criminal charges in civil cases. *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

The complaint should also be dismissed against the Cincinnati Police Department and the "Cincinnati Highway Patrol Post 31" as plaintiff has failed to allege that his rights were violated

4

by a custom or policy of the City of Cincinnati, Ohio, as would be required to hold these defendants liable in an official capacity. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978). Moreover, the Cincinnati Police Department, the CVG Airport Police Department, and the "Cincinnati Highway Patrol Post 31" are not legal entities subject to suit under 42 U.S.C. § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). A municipal police department is "a mere arm of the City" and "not its own entity" and is therefore "not capable of being sued." *Hale v. Vance*, 267 F.Supp.2d 725, 737 (S.D. Ohio 2003).

In addition, plaintiff's complaint fails to state a claim for relief against the Ohio State Highway Patrol, an agency of the State of Ohio. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-4, 71 (1989) (holding that a State and its officials acting in an official capacity are not "persons" who may be held liable for constitutional violations in a § 1983 action). Furthermore, to the extent that plaintiff seeks damages in the instant action, the Eleventh Amendment bars plaintiff's claims against the state agency defendant on the basis of sovereign immunity. *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002); *see also Will,* 491 U.S. at 66-71; *Wingo v. Tennessee Dept. of Corr.,* 499 F. App'x 453, 454 (6th Cir. 2012) (per curiam).

Finally, because plaintiff appears to be a serial litigator, he should be cautioned that further groundless and inappropriate filings could result in the Court imposing filing restrictions.[1]

---

[1] As one district court has noted:

> It is worth mentioning that prior to this instant action, Jones has brought in the U.S. District Court of Delaware a series of lawsuits against, among others, assorted state agencies of Delaware, all of which were dismissed by that Court pursuant to Fed. R. Civ. P. 12(b) or 28 U.S.C. § 1915(e)(2)(B) or for lack of subject-matter jurisdiction. *See Jones v. Sussex Corr. Inst.*, No. CV 16-1321-RGA, 2017 WL 2872416 (D. Del. July 5, 2017), *appeal docketed*, No. 17-2490 (3d Cir. July 13, 2017);

---

*Jones v. Recovery Innovations Int'l*, No. CV 17-396-RGA, 2017 WL 2378809 (D. Del. June 1, 2017), *appeal docketed*, No. 17-2318 (3d Cir. June 16, 2017); *Jones v. Harrington, Delaware Police Dep't*, No. CV 17-395-RGA, 2017 WL 2381271 (D. Del. June 1, 2017), *appeal docketed*, No. 17-2317 (3d Cir. June 16, 2017); *Jones v. Kent Cty. Superior Court, Delaware*, No. CV 17-394-RGA, 2017 WL 2378362 (D. Del. June 1, 2017), *appeal docketed*, No. 17-2316 (3d Cir. June 16, 2017); *Jones v. Family Court of Delaware In & for Sussex Cty.*, No. CV 16-1321-RGA, 2017 WL 1843889 (D. Del. May 8, 2017); *Jones v. Justice of Peace Court No. 4, Sussex Cty.*, No. CV 16-1306-RGA, 2017 WL 1312973 (D. Del. Apr. 5, 2017), *appeal docketed*, No. 17-1848 (3d Cir. April 14, 2017); *Jones v. Crisis Intervention Servs.*, No. CV 16-005-RGA, 2017 WL 881381 (D. Del. Mar. 6, 2017), *aff'd*, No. 17-1584, 2017 WL 1399691 (3d Cir. Apr. 19, 2017), *petition for cert. filed*, ––– U.S.L.W. ––– (U.S. May 19, 2017) (No. 16-9259); *Jones v. Mirza*, No. CV 15-1017-RGA, 2016 WL 4203814 (D. Del. Aug. 8, 2016), *appeal dismissed*, No. 17-1201, 2017 WL 1373278 (3d Cir. Apr. 13, 2017), *petition for cert. filed*, — U.S.L.W. — (U.S July 6, 2017) (No. 17-5093); *Jones v. Town of Bridgeville, Delaware*, No. 1:15-CV-00204-RGA, 2015 WL 4085745 (D. Del. July 6, 2015), *appeal dismissed*, No. 16-1066 (3d Cir. Apr. 20, 2016).

*Jones v. Delaware Health*, No. 1:17-CV-1028, 2017 WL 6403014, at *1 (M.D. Pa. Aug. 9, 2017), *report and recommendation adopted,* No. 1:17-CV-1028, 2017 WL 6403016 (M.D. Pa. Sept. 11, 2017), *aff'd,* 709 F. App'x 163 (3d Cir. 2018).

Likewise, another district court stated:

> Plaintiff is a serial filer.  In addition to extensive state and federal court litigation in his home state of Delaware, he has previously filed cases within the Second Circuit.  *See Jones v. Conn. Super. Ct.*, No. 3:17-cv-599, slip op. (D. Conn. May 25, 2017), *aff'd*, 722 F. App'x 109 (2d Cir. 2018); *Jones v. Yale Univ.*, No. 3:18-cv-1325, 2018 WL8805980 (D. Conn. Aug. 31, 2018).
>
> The Third Circuit has noted Jones' propensity to raise "myriad allegations of rape, murder, and kidnapping by members of [a] town's police department."  *See Jones v. Bridgeville Police Dep't*, 758 F. App'x 235, 235 (3d Cir. 2019).  Indeed, Plaintiff recently filed two actions in the United States District Court for the District of Maine in which he alleged that law enforcement officers of the Maine State Police and Portland Maine Police Department "raped, molested, battered, conditioned, and attempted to murder" him when he was a child.  *See Jones v. Maine State Police Dep't Troop E*, No. 1:22-cv-200, 2022 WL 26044594, at *1 (D. Me. July 7, 2022); *Jones v. Portland Me. Police Dep't*, No. 2:22-cv-201, 2022 WL 2604596, at *1 (D. Me. July 7, 2022).  In those actions he sought $250,000,000.00 "for stem cells that will rejuvenate [his] body, overall health, restore life expectancy, eliminate illnesses, and regrow parts of [his] body that were lost to the traumas of anal rape, poisoning, bludgeoning, and psychosis."  *Jones v. Maine State Police Dep't Troop E*, 2022 WL 26044594, at *1 (alterations in original); *Jones v. Portland Me. Police Dep't*, 2022 WL 2604596, at *1 (alterations in original).  The District of Maine dismissed the actions at § 1915(e)(2)(B) screening because his allegations were "fantastic and delusional" and because he failed to state a claim.  These dismissals were affirmed by the United States Court of Appeals for the First Circuit in a consolidated appeal.  *See Jones v. Portland Me. Police Dep't*, No. 22-1638, 2023 WL 2119793 (1st Cir. Jan. 4, 2023).  He now seeks to file multiple actions in this court.
>
> Jones has been warned by the Third Circuit "that filing further meritless appeals in frivolous cases may result in the imposition of sanctions or filing injunctions." [758 F. App'x] *Id.* at 236. . . .

*Jones v. Vermont State Police*, No. 2:23-CV-18, 2023 WL 3061554, at *1 (D. Vt. Mar. 22, 2023), *appeal dismissed* (July 18, 2023), *appeal dismissed* (Aug. 21, 2023), *reconsideration denied,* No. 2:23-CV-18, 2023 WL 3682201 (D. Vt. May 8, 2023).

6

Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint is frivolous and fails to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff be warned that future meritless or frivolous case filings may result in the imposition of sanctions or filing injunctions.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/23/2023

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MATTHEW JONES,                           Case No. 1:23-cv-794
    Plaintiff,

                                                   McFarland, J.
    vs.                                           Litkovitz, M.J.

OHIO STATE HIGHWAY
PATROL, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).